IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

SANDY VALENTIN-VELEZ, *et al.*

    Plaintiffs,

v.

U.S. POSTAL SERVICE, *et al.*

    Defendants.

**Civil No. 10-1358 (SEC)**

**OPINION and ORDER**

Before the Court is the above-captioned defendants unopposed motion to dismiss. Docket # 11. After reviewing the record and the applicable law, the Court **GRANTS** their motion.

**Background**

On April 30, 2010, plaintiffs Sandy Valentin-Velez, his wife Maribel Lopez, and their conjugal partnership (collectively "Plaintiffs") filed this *pro se* suit under Title VII of the Civil Rights Act, the Americans with Disabilities Act, and the United States' Constitution. Docket # 1. Specifically, Plaintiffs allege that Valentin-Velez was terminated from his employment at the U.S. Postal Service because of discrimination based on disability. Id. Defendants are the U.S. Postal Service, its Post Master John E. Potter, and Valentin-Velez's direct supervisors, Luis Cabrera and Efrain Sanchez (collectively "Defendants"). Id. After receiving service of process, Defendants immediately moved to dismiss the complaint, stating that Plaintiffs have filed suit in 2002 for the same facts, against the same parties, and under the same legal theories. Docket # 11, citing Civ. Case No. 02-2634, Laffitte, J., presiding. According to Defendants, Plaintiffs' previous suit was summarily dismissed with prejudice, based on an unopposed magistrate judge's report and recommendation. Id. Therefore, they argue that *res judicata* bars the present action. Id. Plaintiffs did not oppose Defendants' motion. Id.

**CIVIL NO. 10-1358(SEC)**                                                                                          **Page 2**

**Standard of Review**

A motion to dismiss under rule 12(b)(6) premised on an affirmative defense such as *res judicata* may be appropriate if "the facts that establish the defense... [are] definitively ascertainable from the allegations of the complaint, the documents (if any) incorporated therein, matters of public record, and other matters of which the court may take judicial notice." In re Colonial Mortgage Bankers Corp., 324 F.3d 12, 16 (1st Cir. 2003). Moreover, "the facts so gleaned must conclusively establish the affirmative defense." Id.

**Applicable Law and Analysis**

Under the federal rule of *res judicata*, also referred to as claim preclusion, a valid and final judgment is conclusive of a claim. If the judgment is for the plaintiff, the claim is extinguished and merged in the judgment; if the judgment is for the defendant, the plaintiff is barred from reasserting the claim. Restatement of Judgments 2d § 17. *Res judicata* applies "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." Cromwell v. Sac County, 94 U.S. 351, 352 (1877); see also Blonder-Tongue Laboratories, Inc., v. University of Illinois Foundation, 402 U.S. 313, 329 (1971); Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322 (1979).  In addition, "[o]nce there has been an adjudication on the merits ... all claims which are 'part of the same cause of action' are extinguished, whether or not actually asserted in the original action." Kale v. Combined Ins. Co. of America, 924 F.2d 1161, 1164 (1st Cir. 1991). As a consequence of that doctrine, "when a plaintiff pleads a claim in federal court, he must, to avoid the onus of claim-splitting, bring all related ... claims in the same lawsuit so long as any suitable basis for subject matter jurisdiction exists." Id. at 1165.

The policy behind the doctrine of *res judicata,* is "to relieve [the] parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." Apparel Art Intern. v. Amertex Enters. Ltd., 48 F.3d 576, 583 (1st Cir. 1995).  The doctrine is "no 'mere matter of practice or procedure,' but

**CIVIL NO. 10-1358(SEC)**                                                                 Page 3

---

'a rule of fundamental and substantial justice, of public policy and of private peace, which should be cordially regarded and enforced by the courts.'" Kale, 924 F.2d at 1168 (internal quotations omitted).  Therefore, the First Circuit Court of Appeals has mandated a steadfast adherence to the doctrine. Id. ("Any idiosyncratic unfairness that may result from the consistent and straightforward application of preclusion principles is ... far outweighed by the systemic benefits which flow from steadfast adherence to so salutary a doctrine."). In fact, although the First Circuit has recognized that an occasional exception to the rule may exist in order to prevent "unusual hardship," it has yet to find a specific instance where it would apply. Id.; see also Rose v. Town of Harwich, 778 F.2d 77, 82 (1st Cir. 1985) ("If, as the Restatement suggests, there may nonetheless be an occasional exception to prevent unusual hardship, this case does not fall within it. This is not a case in which the plaintiff has 'clearly and convincingly shown that the policies favoring preclusion of a second action are overcome for an extraordinary reason.'").

Three elements are required to establish *res judicata*: (1) that there is a final judgment on the merits in a prior action; (2) that the parties in the prior and the subsequent action are sufficiently identical; and (3) that the causes of action in the two cases are sufficiently identical. Breneman v. U.S. ex rel. F.A.A., 381 F.3d 33, 38 (1st Cir. 2004).

In this case, Defendants' contentions are correct. A review of the Court's electronic records shows that Plaintiffs filed suit nine years ago against Defendants for the same facts and under the same legal theories. See Civil Case No. 02-2334, Dockets ## 13-14. Moreover, as Defendants state, on that occasion, the Court summarily dismissed Plaintiffs' suit, based on an unopposed magistrate judge's report and recommendation. Id. *Res judicata* therefore bars Plaintiffs' present suit.[1]

---

[1] Plaintiffs' complaint states that their lawyer mishandled the prior case. See Docket # 1, pgs. 3-5. Should that be the case, Plaintiffs should seek legal advice as to what recourse, if any, they may

**CIVIL NO. 10-1358(SEC)** **Page 4**

**Conclusion**

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 25th day of March, 2011.

                                              *s/Salvador E. Casellas*
                                              SALVADOR E. CASELLAS
                                              U.S. Senior District Judge

---

have against their previous lawyer.